IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALVIN PENN                                                                                  PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:16cv650-DPJ-FKB

WARDEN UNKNOWN
BLACKMON                                                                              DEFENDANT

**REPORT AND RECOMMENDATION**

Alvin Penn is a federal prisoner assigned to the Federal Correctional Complex in Yazoo City, Mississippi.[1] Penn filed this action pursuant to 28 U.S.C. § 2241 challenging the computation of his sentence. Having considered the petition and response, the undersigned recommends that habeas relief be denied.

Penn alleges that the Bureau of Prisons (BOP) has wrongfully failed to give him credit for time spent in state custody. The relevant facts are as follows. Penn was arrested by Texas state authorities on May 30, 2014, for unlawful possession of a firearm by a felon and for evading arrest detention with a vehicle. He remained in state custody until July 30, 2014, when he was transferred to secondary federal custody based upon federal warrants. On February 10, 2015, the United States District Court for the Northern District of Texas sentenced Penn to a term of 30 months for being a felon in possession of a firearm. The court did not state whether the sentence was to run concurrently with any subsequent state sentence. Penn was returned to state custody on March 13, 2015. On March 23, 2015, he was sentenced in state court to a

---

[1] The inmate locater for the Bureau of Prisons indicates that Penn escaped on July 6, 2017, and remains a fugitive. Thus, the petition could arguably be dismissed under the fugitive disentitlement doctrine. *See Bagwell v. Dretke*, 376 F.3d 408 (5th Cir. 2004). However, because the petition is clearly without merit, the undersigned has chosen to recommend that the petition be considered and dismissed on the merits.

term of two years. The sentencing court gave Penn credit for the time served between May 30, 2014, the date of his arrest by state authorities, and March 23, 2015, his state sentencing date. Penn completed his state sentence on May 28, 2015, and on that day was transferred to exclusive federal custody to begin service of his federal sentence.

In his petition, Penn argues that he is entitled to credit for the time he spent in state custody prior to completion of his state sentence (May 30, 2014, until May 28, 2015). The issues of when a federal sentence begins, and whether credit is to be given for prior custody, are governed by 18 U.S.C. § 3585:

> (a) Commencement of sentence.-- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.-- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

In response to the petition, Respondent has submitted the declaration of Deborah Colston, a management analyst at the BOP's Designation and Sentence Computation Center, along with the computation records for Penn's sentence. [11-1 and 11-2]. These documents indicate that because Penn's federal sentencing order did

2

not specify that the sentence was to be served concurrently with any subsequent state sentence, the BOP determined that Penn's sentences were to be served consecutively. *See Hunter v. Tamez*, 622 F.3d 427, 431 (5th Cir. 2010) (law is well-settled that sentences imposed at different times are presumed to run consecutively, unless district court specifies otherwise). Thus, the BOP concluded that Penn's sentence commenced on May 28, 2015, the date he was received by the Attorney General for service of his sentence. *See* 18 U.S.C. § 3585(a). The BOP further determined that all of Penn's prior time in custody had been credited against his state sentence. For this reason, his time spent in state custody could not be credited against his federal sentence, as doing so would constitute double credit, which is not allowed under 18 U.S.C. § 3585(b).

Penn has failed to establish that he is entitled to credit on his federal sentence for the time spent in custody from May 30, 2014, until May 28, 2015. As Respondent's evidence makes clear, this period was spent in either exclusive or primary state custody and was credited toward his state sentence. Thus, pursuant to 18 U.S.C. § 3585(b), this time could not also be credited against his federal sentence.

Penn has not shown that he is being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Therefore, the undersigned recommends that relief be denied and that Penn's petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual

findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 13th day of June, 2018.

                                        s/ F. Keith Ball
                                        United States Magistrate Judge